CAROLINE PALMER, Respondent, *v.* ALICE TERWILLIGER and Others, Defendants, Impleaded with ANDREW C. TERWILLIGER, as Administrator, etc., of PETER D. TERWILLIGER, Deceased, Appellant.

*Interlocutory judgment of sale in partition, entered within three years of the death of the deceased owner — it should direct a sale free from debts and that the proceeds be paid into court — amendment to that effect by an irregular ex parte order — when such order will not be set aside — resale, when ordered.*

An interlocutory judgment of sale made in an action to partition real estate of which a decedent died seized, brought within three years after the issue of letters of administration on the decedent's estate, should, pursuant to section 1538 of the Code of Civil Procedure, direct that the sale be made free from the lien of the decedent's debts and that the proceeds be paid into court to satisfy such debts as may be established.

Where, although no such provision was contained in the judgment, the property was sold free from the decedent's debts, the court has power to amend the interlocutory judgment *nunc pro tunc* by inserting such direction.

The court may properly refuse to vacate an irregular *ex parte* order providing for such an amendment, if it be one which would have been made on regular notice.

*Semble,* that in such a case a resale of the property will be ordered if the record discloses any reasonable possibility that the property will bring on the resale as much as or more than on the original sale.

PARKER, P. J., and SMITH, J., dissented.

APPEAL by the defendant, Andrew C. Terwilliger, as administrator, etc., of Peter D. Terwilliger, deceased, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 13th day of February, 1904, denying the said defendant's motion to vacate an order entered in said clerk's office on the 19th day of September, 1902, amending an interlocutory judgment theretofore entered in

the above-entitled action, and also to set aside a final judgment entered in the action.

*T. B. Merchant* and *L. M. Merchant*, for the appellant.

*John A. Brown*, for the respondent.

HOUGHTON, J.:

The interlocutory judgment of sale should have contained the provision inserted by the *ex parte* order amending it. The action of partition was brought within three years of the issue of letters of administration on the estate of the deceased owner and his debts were, therefore, a lien on his real property.

Under the provisions of section 1538 of the Code of Civil Procedure and by proper practice the sale should have been directed to be made free from the lien of decedent's debts and the proceeds ordered paid into court to satisfy such debts as might be established. Without the direction of the judgment, however, the sale was made free from the lien of debts and then the interlocutory judgment was amended *nunc pro tunc* by inserting such direction. The court had power to amend its interlocutory judgment and was not compelled to set aside an irregular *ex parte* order so providing, if it was one which should have been made on regular notice. The only criticism which can be made is that a resale should have been directed. We should be inclined to modify the order in that respect if the record disclosed any reasonable possibility that the property would bring as much or more on another sale. The affidavits show that the price obtained was the full value of the property. Besides, the appellant did not ask for a resale but put his motion on the ground that the court had no power to allow the amendment. There being no reasonable possibility that the property would bring any greater sum if again sold, the court would not be justified in putting the parties to the expense and trouble of a resale simply for the purpose of correcting a mere technical irregularity which was cured by the amendment.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred, except PARKER, P. J., and SMITH, J., dissenting.

Order affirmed, with ten dollars costs and disbursements.